J-A14043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JARED IMSCHWEILER AND RACHEL IMSCHWEILER, HUSBAND AND WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ILENE KATZ WEIZER, M.D., AND A WOMAN'S CARE OB-GYN, P.C., | |
| Appellees | No. 1697 MDA 2015 |

Appeal from the Order Entered September 2, 2015
in the Court of Common Pleas of Schuylkill County
Civil Division at No.: S-218-2010

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED JULY 28, 2016**

Appellants, Rachel and Jared Imschweiler, appeal from the trial court's order granting the motion *in limine* filed by Appellees, Ilene Katz Weizer, M.D., and A Woman's Care OB-GYN, P.C., in this medical malpractice case. We quash.

This case returns to this Court after we remanded for a new trial on September 16, 2014.  Relevant to the instant appeal, in advance of the new trial, Appellants' medical expert, Dr. Victor Borden, submitted a supplemental report dated June 4, 2015.  Appellees filed a motion *in limine* objecting to certain portions of the report.  On September 2, 2015, the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court entered its order granting the motion *in limine* and, *inter alia*, limiting the scope of Dr. Borden's testimony. This timely appeal followed.

Preliminarily, we must consider the propriety of this appeal. The trial court determined that Appellants have improperly appealed from an interlocutory order. (**See** Trial Court Opinion, 10/02/15, at 1). Upon review, we agree.

"An appeal lies only from a final order unless otherwise permitted by rule or statute." **Shearer v. Hafer**, 135 A.3d 637, 641 (Pa. Super. 2016) (citation omitted). Generally, a final order is any order that: "(1) disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). "[A]n order is not final and appealable merely because it decides one issue of importance to the parties. Rather, for an order to be final and ripe for appeal, it must resolve all pending issues and constitute **a complete disposition of all claims raised by all parties**." **AmerisourceBergen Corp. v. Does**, 81 A.3d 921, 927 (Pa. Super. 2013), *appeal denied*, 97 A.3d 742 (Pa. 2014) (citation omitted; emphasis in original). A trial court's decision to preclude expert testimony is an interlocutory ruling, reviewable after entry of a final judgment in the matter. **See Snizavich v. Rohm & Haas Co.**, 83 A.3d 191, 194 (Pa. Super. 2013), *appeal denied*, 96 A.3d 1029 (Pa. 2014).

Here, the trial court's order does not dispose of any claim or any party. **See** Pa.R.A.P. 341(b)(1); (Order, 9/02/15). Instead, it is an interlocutory decision on its face, and is not appealable until entry of final judgment.

Consequently, we lack jurisdiction at this time to review Appellants' appeal on the merits.[1]  Accordingly, we quash this appeal.

Appeal quashed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2016

---

[1] We find no merit to Appellants' contention that the trial court's pre-trial ruling is immediately appealable as a collateral order.  (**See** Appellants' Brief, at 18); Pa.R.A.P. 313(a)-(b) (setting forth requirements for collateral order).  "Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule."  **AmerisourceBergen Corp.**, **supra** at 927 (citation omitted).  Appellants have not met these stringent requirements and may seek review of the court's ruling after final judgment has been entered.  **See Snizavich**, **supra** at 194.